IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GERALD EUGENE DOMINY and )
MINERVA DUMPIAS ESCARI DOMINY )
                                     )
       v.                           )       No. 3:22-cv-0393
                                     )
ALEJANDRO MAYORKAS, et al. )

**TO:**    Honorable Eli J. Richardson, United States District Judge

### REPORT AND RECOMMENDATION

This *pro se* case has been referred to the Magistrate Judge for pretrial proceedings. *See* Order entered June 1, 2022 (Docket Entry No. 3).

Presently pending before the Court are (1) the motion for summary judgment (Docket Entry No. 20) and motion for judgment and damages (Docket Entry No. 43) filed by Plaintiffs Gerald and Minerva Dominy (Docket Entry No. 30) and (2) the motion to dismiss filed by Defendants Alejandro Mayorkas, Ur Mendoza Jaddou, and Tae D. Johnson (Docket Entry No. 32). For the reasons set out below, the undersigned respectfully recommends that Defendants' motion to dismiss be granted, that Plaintiffs' motions be denied, and that this case be dismissed.

### I.   BACKGROUND

Gerald and Minerva Dominy ("Plaintiffs") are residents of Loretto, Tennessee. Mrs. Dominy came to the United States from the Philippines as the fiancé of Gerald Dominy and subsequently married him in 2017. Her daughter, Donabelle Escario Baluya ("Baluya"),[1] who

---

[1] Mr. Dominy is not the natural father of Baluya.

appears to have been either 18 or 19 years of age at the time, later came to the United States in February 2018 and the family promptly initiated a Form I-485 application to adjust her visa status so that she could become a lawful permanent resident. Although the process took a while, Baluya's application was approved and she received her "green card" on September 3, 2020.[2]

As part of the I-485 application process, Mr. Dominy executed a Form I-864 Affidavit of Support on behalf of Baluya. Generally speaking, an Affidavit of Support is provided for by statute and is required for the success of a family-based I-485 application in order to satisfy the concern of the Government that the applicant will have sufficient financial resources while in the United States and will not become a public charge who receives public benefits. *See* 8 U.S.C.A. § 1182(a)(4) and § 1183a. By executing an Affidavit of Support, "the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C.A. § 1183a(a)(1)(A). Executing the Affidavit of Support also subjects the sponsor to the possibility of a request for reimbursement of the costs of any means-tested public benefits that the sponsored alien receives. 8 U.S.C.A. § 1183a(b)(1)(A).

Plaintiffs allege that Baluya began to disobey their house rules during 2021 and was given the ultimatum to either follow their rules or leave their house. *See* Complaint at ¶ 15. Baluya chose to leave. Plaintiffs allege that Baluya moved to Florence, Alabama, where she engaged in irresponsible behavior, including "engaging in the benefits of matrimony absent any official record." *Id*. at ¶ 32. In other filings made by Plaintiffs, they contend that Baluya has

---

[2] Plaintiffs and Baluya pursued a prior lawsuit against several defendants based upon their dissatisfaction with the processing of Baluya's I-485 application. *See Dominy, et al. v. Mayorkas, et al.*, 3:20-00510. That case was dismissed with no relief being awarded to Plaintiffs. *See* Order entered July 12, 2022 (Docket Entry No. 67) in Case. No.3:20-00510.

2

continued to ignore their parental advice, has moved to other locations in Alabama, and has continued to act irresponsibly. *See* Docket Entry Nos. 10, 13, 30, and 31. Plaintiffs further assert that Baluya failed to carry health insurance coverage and recently suffered health complications that have prevented her from working and that may have long term implications. *See* Docket Entry Nos. 37 and 42.

Plaintiffs also contend that, despite their admonitions to Baluya that she needed to do so, Baluya failed to promptly notify immigration authorities of her changes of residence in violation of the requirements of 8 U.S.C.A. § 1305(a).[3] *See* Complaint at ¶¶ 16-20. Mr. Dominy alleges that he reported Baluya's violations to the U.S. Citizenship and Immigration Services ("USCIS") and subsequently made complaints to USCIS and the U.S. Immigration and Customs Enforcement ("USICE") but that no actions were taken against Baluya. *Id*. at ¶¶ 17-22.

## II.  PLAINTIFFS' COMPLAINT

On May 27, 2022, Plaintiffs filed the instant *pro se* lawsuit against the directors of the United States Department of Health and Human Services ("USDHHS"), USCIS, and USICE, in their official capacities (hereinafter referred to collectively as "Defendants"). Plaintiffs contend that the immigration officials have refused to uphold their oaths to enforce the laws and have not enforced the immigration laws against Baluya despite there being clear grounds showing that she has violated the law by failing to promptly notify immigration officials of her changes of residence. *See* Complaint at ¶¶ 12 and 27. In light of this failure, Mr. Dominy asserts that the

---

[3] 8 U.S.C.A. § 1305(a) provides that "Each alien required to be registered under this subchapter who is within the United States shall notify the Attorney General in writing of each change of address and new address within ten days from the date of such change and furnish with such notice such additional information as the Attorney General may require by regulation."

3

contract between himself and the United States created by the Affidavit of Support has been broken and that he is no longer financially responsible for supporting Baluya or for reimbursement for any public benefits that she may obtain. *Id*. at ¶¶ 12, 26-26. Seeking injunctive and mandamus relief, Plaintiffs ask the Court to either (1) release Mr. Dominy from the Affidavit of Support and from any obligation to financially sponsor Baluya or (2) direct that Baluya be deported to the Philippines because of her violations of the immigration laws. *See* Complaint at ¶¶ 22-23.

### III. PENDING MOTIONS

Prior to Defendants responding to the complaint, Plaintiffs filed their pending motion for summary judgment (Docket Entry No. 30). By their motion and supporting memorandum (Docket Entry No. 31), Plaintiffs essentially reassert their allegations and expound upon their arguments for why they should be granted the relief they seek.

Shortly thereafter, Defendants filed their pending motion to dismiss (Docket Entry No. 32). By their motion and supporting memorandum (Docket Entry No. 33), Defendants argue that this Court lacks subject matter jurisdiction over the case because (1) the Court has no jurisdictional authority to direct that removal proceedings be initiated to deport Baluya and (2) Plaintiffs' request for relief regarding the Affidavit of Support is not ripe for adjudication because no claim for reimbursement has been made against Mr. Dominy and no actual injury to him has occurred. s directed by the Court, Defendants filed a supplemental memorandum (Docket Entry No. 40), briefing the merits of Mr. Dominy's request that he be discharged from his obligations under the Affidavit of Support. Defendants argue that Plaintiffs fail to allege a legally sufficient basis, even assuming all facts as true, under which the Affidavit of Support

4

could be terminated as requested by Plaintiff and Plaintiffs therefore fail to state a claim upon which relief can be granted.

Although Plaintiffs already have a motion for summary judgment pending before the Court, they recently filed a "motion for judgment and damages." (Docket Entry 43.) In that filing, Plaintiffs make a motion for damages, consisting of what Mr. Dominy believes the costs would be if claims for reimbursement were made against him for public benefits that Baluya may likely obtain given her current circumstances. Plaintiffs further complain about the continued failure of immigration officials to enforce the immigration laws and to uphold the oaths of their office, about what they believe is an attempt by immigration officials to withhold evidence and not properly respond to Freedom of Information requests made by Mr. Dominy to the USCIS, and about possible drug use by Baluya that should be investigated.

## IV.  ANALYSIS

This case must be dismissed. The Court recognizes that Plaintiffs are frustrated with the actions of Baluya and that Mr. Dominy is clearly anxious about the possibility that he will suffer financial repercussions as a result of sponsoring Baluya through the Affidavit of Support. Nonetheless, the Court has no authority to direct immigration authorities to initiate removal proceedings against her or to unilaterally enter an order directing that she be deported. Additionally, as much as it may cause him personal grief, Mr. Dominy remains bound by the obligation that he created for himself when he executed the Affidavit of Support, and he has not raised a legal basis which would release him from that obligation. Plaintiffs simply fail to raise any cognizable claim for relief by their numerous allegations. Nothing argued by Plaintiffs in

either their motion for summary judgment or their recently filed motion for judgement and damages prevails over the clear and conclusive law that requires dismissal of this case.

First and foremost, decisions about enforcement of the immigration laws are vested to the discretion of the executive branch and its agencies. *Arizona v. United States*, 567 U.S. 387, 394 & 396 (2012). While the federal courts may conduct limited review of certain immigration proceedings, decisions of how, when, and whether to enforce immigration laws are decisions that are not within the purview of the federal courts. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-87 (1999); *Arizona v. Biden*, 40 F.4th 375, 390 (6th Cir. 2022). This is especially so with respect to a decision to not initiate a removal proceeding. *Arizona v. Biden,* 40 F.4th at 389 ("An agency's choice 'not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed' to an agency's "discretion.") (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); *Villanueva-Herrera v. Ashcroft*, 33 F. App'x 145, 146 (4th Cir. 2002). Plaintiffs' dissatisfaction with the fact that Baluya has not been deported for what they believe are violations of the immigration laws does not provide them with a legal basis for any relief,[4] let alone with a basis to request a Court order directing that removal proceedings be initiated against Baluya or an order that she be deported. The Court simply has no authority to provide this type of relief.

Plaintiffs also have failed to set forth any basis that supports releasing Mr. Dominy from the obligation created by the Affidavit of Support. As a sister circuit recently succinctly stated in

---

[4] Mr. Dominy offers no legal authority for what appears to be his belief that he can bring a legal claim based upon his contention that immigration officials have violated their oaths of office by not enforcing the immigration laws in the manner that Plaintiffs would like those laws enforced.

a case in which an I-864 sponsor sought to be released from the obligations created by the Affidavit of Support:

> We also note that the sponsors gained no rights at all under the statute, regulation, or affidavit. The affidavit imposes a one-way obligation on the sponsor to support the immigrant without any counter-promises by the United States or the immigrant. Similarly, the statute provides a cause of action and remedies exclusively against the sponsor and in favor of the United States and the immigrant. Nothing in this structure contemplates an equitable remedy or defense for the benefit of a sponsor.

*Belevich v. Thomas*, 17 F.4th 1048, 1052-53 (11th Cir. 2021).

A sponsor can be released from the Affidavit of Support under only limited and narrow circumstances that are specifically set out by statute and regulation. While an Affidavit of Support may be withdrawn by the sponsor for any reason prior to the time that the sponsored immigrant's application for an adjustment of status is granted,[5] once the sponsored immigrant becomes a lawful permanent resident, the obligation created by the Affidavit of Support will remain in place until such time as the sponsor dies or the sponsored immigrant: (1) is naturalized as a citizen of the United States; (2) works or receives credit for 40 qualifying quarters of coverage under the Social Security Act; (3) loses their status as a lawful permanent resident and departs the United States; (4) obtains a new grant of adjustment of status in removal proceedings where a different sponsor has executed a Form I-864 on their behalf; or (5) dies. 8 U.S.C. § 1183a(a)(2) and (a)(3); 8 C.F.R. § 213a.2(e)(2)(i). In the instant case, none of these circumstances are present. Plaintiffs' argument that other factors should be considered as

---

[5] 8 C.F.R. § 213a.2(f)(2).

grounds to release Mr. Dominy from his I-864 obligation are not supported by the law.[6] *Belevich*, *supra*; *Wenfang Liu v. Mund*, 686 F.3d 418, 420-23 (7th Cir. 2012).

Furthermore, the Sixth Circuit has held that 8 U.S.C. § 1183a does not create a legal cause of action for the I-864 sponsor, which means that subject matter jurisdiction does not exist for a lawsuit brought by the sponsor that challenges the obligations on the sponsor created by the Affidavit of Support. *Davis v. United States*, 499 F.3d 5909, 594 (6th Cir. 2007). The Court in *Davis* also found that an I-864 sponsor's concern about the possibility of a future reimbursement action by the government was too speculative to establish legal standing, which was an additional foundational basis for dismissal of the lawsuit. *Id*. at 596. The holdings in *Davis* apply squarely to the instant case and require its dismissal.

Plaintiffs' recent motion for judgement and damages does not raise any issue that saves this case from dismissal. The motion is a procedurally improper manner of asserting a new claim for damages because a claim for relief may only be raised in a party's pleadings. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009). Plaintiffs must amend their complaint to raise new claims for relief. However, given the procedural posture of this case and the futility of any proposed amendment, the Court declines to construe the motion as a motion to amend.

Even if Plaintiffs' damage claims were properly before the Court, the claims would be subject to dismissal. Although Plaintiffs have set out specific amounts for what they believe Mr. Dominy's financial obligations would be if an enforcement action was brought against him by Baluya or the government, there is no indication that any such action has been brought against

---

[6] The Court in *Belevich* specifically rejected the I-864 sponsor's argument that she should be released from the Affidavit of Support because the sponsored immigrant had

him. Under the persuasive reasoning in *Davis*, an I-864 sponsor's fears about enforcement actions that have not yet occurred fail to create a live controversy that gives the sponsor standing to pursue a lawsuit. Further, claims for monetary damages against Defendants would be barred by the doctrine of sovereign immunity. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 426 (6th Cir. 2016).

Finally, to the extent that Plaintiffs' recent motion raises allegations of sanctionable conduct by immigration authorities and of issues related to Freedom of Information Act ("FOIA") requests made by Mr. Dominy, the Court (1) finds no basis for sanctionable conduct by Defendants in this case and (2) declines to create and incorporate a FOIA claim into this case. Any further action that Mr. Dominy wishes to take regarding his FOIA claims will have to be pursued by him via other avenues. The instant case is simply not a vehicle for him to raise every complaint that he has with immigration officials.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED:

(1) the motion to dismiss filed by Defendants Alejandro Mayorkas, Ur Mendoza Jaddou, and Tae D. Johnson (Docket Entry No. 32) be GRANTED;

(2) the motion for summary judgment (Docket Entry No. 20) and motion for judgment and damages (Docket Entry No. 43) filed by Plaintiffs Gerald and Minerva Dominy (Docket Entry No. 30) be DENIED; and,

(3) this action be DISMISSED in its entirety.

---

committed acts that could subject him to deportation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge