IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GERALD EUGENE DOMINY and )
MINERVA DUMAPIAS ESCARIO )
DOMINY, )
 )   NO. 3:22-cv-00393
Plaintiffs, )   JUDGE RICHARDSON
 )
v. )
 )
ALEJANDRO MAYORKAS, et al., )
 )
Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation from the magistrate judge recommending that the "Motion in Opposition to Dismissal and to Redress Issue" (Doc. No. 20), motion for judgment and damages (Doc. No. 43), and motion for summary judgment (Doc. No. 30) filed by Plaintiffs Gerald and Minerva Dominy (collectively "Plaintiffs' Motions") be denied, the motion to dismiss (Doc. No. 32) filed by Defendants (Alejandro Mayorkas, Ur Mendoza Jaddou, and Tae D. Johnson) be granted, and that the action be dismissed. (Doc. No. 45, "R&R"). Plaintiffs have filed Objections to the magistrate judge's Report and Recommendation (Doc. No. 47, "Objections"). Defendants filed a response to the Objections (Doc. No. 48, "Response").

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides

that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo the Report and Recommendation, Plaintiff's Objections, Defendants' Response, and the file.

## BACKGROUND

The R&R sets forth the factual and procedural background in relevant part. (Doc. No. 45 at 1–5). Pro se Plaintiffs Gerald and Minerva Dominy immigrated from the Philippines to the United States in 2017. Their daughter, Donabelle Escario Baluya ("Baluya"), moved to the U.S. in 2018. The family initiated a Form I-485 so that she could become a lawful permanent resident. As part of this process, Mr. Dominy executed a form I-864 Affidavit of Support on behalf of Baluya. In doing so, he agreed to be subject to the possibility of having to reimburse the costs of means-tested public benefits that Baluya receives. 8 U.S.C.A. § 1183a(b)(1)(A). He also "agree[d] to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C.A. § 1183a(a)(1)(A).

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a).

Plaintiffs allege that Baluya moved to Alabama without notifying immigration authorities and therefore should be subject to adverse action by immigration authorities. Plaintiffs allege that Mr. Dominy reported Baluya's violations the U.S. Citizenship and Immigration Services and the U.S. Immigration and Customs Enforcement, but they were ignored. (Doc. No. 1 at 3-4). Plaintiffs allege that Defendants have failed to uphold their oaths to enforce immigration laws against Baluya, thereby breaking Mr. Dominy's obligation to support Baluya or reimburse the government for public benefits. Plaintiffs ask the Court to either (1) release Mr. Dominy from the obligations of the Affidavit of Support or (2) direct the immigration authorities to deport Baluya to the Philippines. (Doc. No. 1 at 4-5).

The R&R recommends that Plaintiffs' Motions be denied and that Defendants' motion to dismiss be granted. (Doc. No. 45 at 1). In response to the R&R, Plaintiffs raise several objections. (Doc. No. 47 at 1-6). Defendants submit that the objections do not warrant rejection of the R&R. (Doc. No. 48 at 3).

## DISCUSSION

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506,

at *2 (internal citations and quotation marks omitted). The district court[2] is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Thus, while Plaintiffs raise several Objections, the Court need review only those raised issues that reflect a proper objection, as the term is used in this context, to the R&R. After reviewing each "objection" presented by Plaintiff, the Court finds that none are sufficient to prevent the Court from adopting the R&R's recommendations.

- Plaintiffs object to the statement in the Background section of the R&R that "Plaintiffs and Baluya pursued a prior lawsuit against several defendants based upon their dissatisfaction with the processing of Baluya's I-485 application. See *Dominy, et al. v. Mayorkas, et al.*, 3:20-00510. That case was dismissed with no relief being awarded to Plaintiffs." (Doc. No. 47 at 1) (citing Doc. No. 45 at 2 n.2). The Court finds that this statement is not clearly erroneous. *See* Order entered July 12, 2022 (Docket Entry No. 67) in Case. No.3:20-00510. Despite Plaintiffs' statements that they received relief in the form of "the return 14 months later of immunization document seized under a Bivens action by USCIS [*i.e.*, United States Citizenship and Immigration Services] and an Expedited Green card" (Doc. No. 47 at 1), it is true that their previous lawsuit did not result in any relief granted by the court. Thus, the Court overrules this objection.

---

[2] Generally, references herein (a) to the "district court" generally are references to the district judge (as contrasted with the magistrate judge, and (b) to "the Court" in particular are references to the undersigned district judge (as opposed to the magistrate judge who filed the R&R).

- Plaintiffs object to the R&R's statement that Plaintiffs initiated this action against the director of the United States Department of Health and Human Services ("USDHHS"). (Doc. No. 47 at 1) (citing Doc. No. 45 at 3). This objection is well-taken; the Court notes that the R&R erroneously states that Plaintiffs sued the director of the USDHHS when it should have instead stated that Plaintiffs sued the director of the United States Department of Homeland Security. (Doc. No. 1 at 1). So this objection is sustained. That said, this error does not materially affect the validity of the R&R's ultimate recommendations.[3]

- Plaintiffs object to the R&R's statement of Plaintiffs' request for relief, arguing that the magistrate judge omitted a reference to Plaintiffs' request for a court-ordered "investigation of violations of immigration laws" and that it is within the Court's authority to order Defendants to investigate claims of immigration violations. (Doc. No. 47 at 1-2) (citing Doc. No. 45 at 3). But to begin with, the Court finds that the R&R correctly stated Plaintiffs' prayer for relief, which does not request the ordering of an investigation of violations of immigrations laws. (Doc. No. 1 at 4-6). Plaintiffs' Objections are not the appropriate venue to amend the Complaint or the framing of the relief requested therein. Second, just as the Court does not have authority to order removal proceedings, the Court does not have authority to order an "investigation" as Plaintiffs claim. "There are 'various stages in the deportation process,' and '[a]t each stage the Executive has discretion to abandon the endeavor.'" *Arizona v. Biden*, 40 F.4th 375, 390 (6th Cir. 2022) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483, (1999)). Plaintiffs note that "the matter here is in its end form a Deportation." (Doc. No. 47 at 1). An investigation

---

[3] Although the Court need not say for certain, this mistake likely was essentially a scrivener's error occasioned by the fact that the two departments' acronyms differ by a mere letter (USDHHS versus USDHS), which side-tracked the magistrate judge into using the full name of the agency having an acronym so similar to the acronym of the correct agency.

that has the possible result of deportation would therefore be a phase, albeit an early one, in the deportation process that the Executive has discretion to implement or not implement. Thus, even if the Complaint stated a request for an order of investigation into violations of immigration laws, the Court could not grant such relief for the same reason it cannot order deportation. So the Court overrules this objection.

- Plaintiffs object to the R&R's conclusion that their complaint is not ripe for adjudication. (Doc. No. 47 at 2) (citing Doc. No. 45 at 4). They state that they have seen Baluya file for food stamps and they have already suffered expense and loss of income due to Baluya's actions. *Id.* But even if Baluya has received government assistance for which Defendants could seek reimbursement, there is no indication that Defendants are likely to do so. And even if Plaintiffs have incurred expense due to Baluya's actions, there is no indication that any such expense was incurred because of Defendants' enforcement of the Affidavit of Support. Thus, the Court rejects this objection.

- Plaintiffs next object to the R&R's statement that "the court has no authority to direct immigration authorities to initiate removal proceedings," arguing that the district court has authority to order an investigation into violations of immigration law. (Doc. No. 47 at 2) (citing Doc. No. 45 at 5). As explained above, (i) Plaintiffs never sought an order for investigation in their complaint and (ii) even if they had, the Court cannot order such an investigation. The Court thus rejects this objection.

- Plaintiffs next object to the R&R's statement that

    > Mr. Dominy offers no legal authority for what appears to be his belief that he can bring a legal claim based upon his contention that immigration officials have violated their oaths of office by not enforcing the immigration laws in the manner that Plaintiffs would like those laws enforced.

(Doc. No. 47 at 2) (citing Doc. No. 45 at 6 n.4). Plaintiffs sporadically argue that Defendants swore an oath of office to enforce the laws and that Congress possesses plenary power over immigration. (Doc. No. 47 at 2-5). The Court does not begrudge Plaintiffs, or anyone else, their opinion as to whether immigrations officials are adequately enforcing the nation's immigration laws. But again, Plaintiffs do not seem to have suffered any injury as a direct result of any alleged underenforcement of immigration laws. To the contrary, Defendants' lack of enforcement, such as not enforcing the Affidavit of Support, is why there is no injury. Whatever expenses Plaintiffs claim they are incurring, they are not incurred because of the Affidavit of Support or Defendants' conduct. Plaintiffs may claim that they have to support Baluya to preempt any action by Defendants, but nothing suggests Defendants might actually enforce the Affidavit of Support against Plaintiffs. Thus, this objection is rejected.

- The rest of Plaintiffs' Objections do not challenge a specific (or specifically identified) aspect of the R&R. Therefore, the Court does not view any of the other objections to be a material objection warranting de novo (or indeed any) review.

## CONCLUSION

The Court understands that Plaintiffs may naturally be upset and frustrated by the alleged circumstances underlying the Amended Complaint and by the magistrate judge's recommendation(s). The Court also understands that Plaintiffs must be afforded a measure of leniency because they are proceeding pro se. Even so, the Court must uphold very basic standards for stating a claim upon which relief can be granted and for making a sustainable objection to a report and recommendation.

For the reasons discussed herein, the magistrate judge's Report and Recommendation (Doc. No. 45) regarding Plaintiffs' Motions (Doc. Nos. 20, 30, and 43) and Defendants' motion to dismiss (Doc. No. 32) is **ADOPTED** except insofar as this Order will serve to modify the R&R to refer to the United States Department of Homeland Security rather than the United States Department of Health and Human Services. Plaintiffs' Motions (Doc. Nos. 20, 30 and 43) are thus **DENIED,** Defendants' motion to dismiss (Doc. No. 32) is **GRANTED**, and the action is **DISMISSED**.

As no additional claims remain pending, this is the final order in this case. Because it denies all relief, the Clerk shall enter judgment pursuant to Rule 58(b)(1)(C) and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE